UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 3:05-82

KENNETH JAMES BEDFORD                                          PETITIONER

v.                              **OPINION AND ORDER**

PATTI WEBB, Warden                                            RESPONDENT

* * * * * * * *

On November 13, 2007, this Court issued an Opinion and Order [R. 19] adopting the

Report and Recommendation of the Magistrate Judge [R. 17] and denying petitioner Kenneth

James Bedford's petition for a writ of habeas corpus [R. 1].  In response, Petitioner filed a Notice

of Appeal [R. 21] of the Court's November 13 Order and Judgment [R. 20], as well as the Report

and Recommendation, to the United States Court of Appeals for the Sixth Circuit.  Petitioner

also filed a motion for leave to proceed in forma pauperis on appeal [R. 22], which this Court

denied in an Order issued December 12, 2007 [R. 23].  Since Petitioner has filed a Notice of

Appeal, the Court must determine whether a Certificate of Appealability should be issued.

Accordingly, the Court believes that a Certificate of Appealability should not be issued in this

case.

A Certificate of Appealability ("COA") may be issued "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). The

substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*

1

*v. McDaniel*, 529 U.S. 473, 484 (2000).  Though the Petitioner has filed a Notice of Appeal, he

has not made a separate motion to this Court for it to grant a Certificate of Appealability.  Under

Sixth Circuit precedent, however, a District Court is required to decide whether to issue a

Certificate of Appealability to a habeas petitioner once the Notice of Appeal is filed, even

without an accompanying motion for the Certificate of Appealability.

> Therefore, we reject as unpersuasive the district judge's arguments in support of
> his policy 'to decide whether to issue a COA [Certificate of Appealability] only
> after a petitioner moves for such relief.' Rule 22(b)(1) requires that the district
> court issue or deny a COA in accordance with the principles of 28 U.S.C. §
> 2253(c)(2) and (3) once the petitioner has filed a notice of appeal.

*Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *see also id.* ("Thus the structure of

Rule 22(b) clearly contemplates the decision on issuance of COAs by both district and court of

appeals judges in circumstances where the applicant for a writ of habeas corpus has not filed a

motion for a COA.").

Since no motion for a Certificate of Appealability has been filed, and no specifics are laid

out in Petitioner's Notice of Appeal, the Court cannot know the grounds on which Petitioner

challenges the Court's denial of his habeas corpus petition.  As such, the Court will treat every

legal ground in its habeas petition denial Order as effectively challenged by Petitioner, and

determine whether any of these grounds meets the requisite standard for issuing a Certificate of

Appealability.

Petitioner attacked his conviction on numerous grounds, several of which he conceded

after the Magistrate Judge issued his Report and Recommendation.  The Court addressed

Petitioner's remaining objections in its Order denying his habeas petition.  These objections

included: (1) challenged "finding of fact"; (2) ineffective assistance of counsel for failure to

2

move for a change of venue; (3) ineffective assistance of counsel for failure to ask for the jury to be sequestered; (4) ineffective assistance of counsel for an improper waiver of Petitioner's speedy trial rights (or, in the alternative, a speedy trial violation); (5) ineffective assistance of counsel for failure to effectively utilize an expert or seek expert assistance; (6) ineffective assistance of counsel for failure to secure Petitioner a competency hearing once Petitioner's competency was put in question; (7) ineffective assistance of counsel, leading to an involuntary, unintelligent, and unknowing "blind" guilty plea; (8) ineffective assistance of counsel for failure to avoid seating a biased juror during voir dire; (9) ineffective assistance of counsel for failure to alert the trial court to contact between the jury and members of the victim's family; (10) ineffective assistance of counsel through cumulative effect; (11) ineffective assistance of counsel during the penalty phase of trial; (12) trial court's failure to strike unqualified jurors for cause; and (13) failure to include aggravating circumstances in the indictment.

For the reasons stated in the Report and Recommendation as adopted and modified by the Court in its Opinion and Order of November 13, 2007, and for the additional reasons stated in the Court's November 13 Opinion and Order, no reasonable jurist would find this Court's assessment of the Petitioner's Constitutional claims debatable or wrong. Accordingly, it is hereby ORDERED that a Certificate of Appealability SHALL NOT BE ISSUED IN THIS ACTION.

Dated this 3rd day of January, 2008.



Signed By:

*Karen K. Caldwell*

**United States District Judge**

3